**Fred G. SHERMAN, Plaintiff— Appellant,**

v.

**COUNTY OF MAUI; Board of Water Supply of the County of Maui; David Craddick, DWS Director; Mike Quinn, DWS Fiscal Officer; Victoria Burrows, DWS Clker, aka Puni; John Dudoit, DWS Branch Manger; Maui County Police Department; Fontain, Molokai Captain; W Loo, Sergeant, Unit 20; Pursley R, Officer, Unit 20; R Aken, Officer, Unit 20; Does 1–5, inclusiv. Defendants—Appellees.**

No. 04–16180.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2006.*

Decided June 29, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Rhonda M. Fosbinder, Esq., Fosbinder and Fosbinder, Kahului, HI, for Plaintiff–Appellant.

Brian T. Moto, Jane E. Lovell, Esq., County of Maui Department of the Corporation Counsel, Wailuku, HI, for Defendants–Appellees.

Before: PREGERSON, CANBY, and HALL, Circuit Judges.

MEMORANDUM**

Fred Sherman appeals the district court's grant of summary judgment in favor of defendants in Sherman's 42 U.S.C. § 1983 action against the County of Maui and others, claiming violations of his constitutional rights when he was charged

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

$3,350 for a water meter and was arrested for theft of utility services. We affirm.

 The district court properly recognized that Sherman's claims for damages against County officials in their official capacity were effectively claims against the County itself, and thus the individual defendants were duplicative. *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). Furthermore, the district court properly held that the County cannot be held liable for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 260, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

 Because Sherman bought the house "as is," it did not constitute a payment of the prior owner's debts or a hidden lien on the land when he had to pay for a new meter's installation. Sherman's argument that he was deprived a service in violation of the Supreme Court's decision in *Memphis Light, Gas, and Water Division v. Craft,* 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978), is also unavailing, because Sherman never had a water meter to begin with and thus did not accrue a property interest in water services. Furthermore, the amount of the fee did not violate due process, because the regulation makes clear exactly why the County charges as much as it does. The question of whether the County "had a rational basis for treating [Sherman] differently from other property owners," *Del Monte Dunes Ltd. v. City of Monterey,* 920 F.2d 1496, 1508 (9th Cir.1990), is superfluous if, as here, the property owners are not treated differently.

 Sherman cannot recover damages from the individual County employees for violation of his civil rights by suing them in their official capacities. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Fur-

thermore, we reject his attempt to argue that the existence of a county regulation establishing fees for water meters can demonstrate an unconstitutional policy or custom of false arrests. *See, e.g., City of Oklahoma City v. Tuttle,* 471 U.S. 808, 822, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

 Finally, even if Sherman has a claim under state law that the Maui County regulations were improperly applied to him, he raises no cognizable federal claims, and so it was proper for the district court to hold that Sherman should have appealed his Water Board decision in Hawaii state court. District court jurisdiction over state law claims is discretionary. *See City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 172–73, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *see also Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004) (holding that this court may affirm on any ground supported by the record).

**AFFIRMED.**